IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS, :
:
    Plaintiff, :
:
VS. : CIVIL ACTION FILE NO.
: **7 : 07-CV-03 (HL)**
Officer SHAPRELL, et. al, :
:
    Defendants. :

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action are several motions filed by plaintiff.

*1. Plaintiff's Motion for Order to Show Cause (doc. 6)*

This motion appears to be a response to the undersigned's previous order dated January 17, 2007 for plaintiff to show cause that he has in fact exhausted administrative grievances prior to the filing of this lawsuit. In response, plaintiff filed an amended complaint and this motion. The undersigned granted plaintiff's motion to amend by order dated January 31, 2007, and directed service upon the defendants. Therefore, this issue has already been decided in plaintiff's favor, and this motion is consequently moot. It is the RECOMMENDATION of the undersigned that it be **DENIED**.

*2. Plaintiff's Motion to Restraining Order (doc. 7)*

In this motion, plaintiff requests a restraining order against the seven named defendants "because I do feel that they do knot[sic] need to be any where around my living area. I do feel that my life is in danger due to V.P.D. under the color of the state law." Plaintiff does not provide any other details.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

Plaintiff has not met the requirements of injunctive relief by his very brief motion. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

## 3. *Plaintiff's Motion to File Harassment Court Order (doc. 8)*

Plaintiff again requests injunctive relief, stating that the defendants told plaintiff he would be killed and that his co-worker said he was a snitch. Plaintiff states he is in fear for his life as a consequence.

However, while plaintiff provides a few more details in this motion than he did his previous motion discussed above, he still has not shown how he meets the requirements for injunctive

relief to be issued. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of July, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd