IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS,

  Plaintiff,

vs.

CAPT. PEETE, et al.,

  Defendants.

Civil Action File No.
**7:07-CV-3 (HL)**

# RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. §1983 action are several motions filed by plaintiff. Plaintiff must be considered to be a frequent filer, as he has filed 18 lawsuits in this district alone since December of 2006.

### 1. *Plaintiff's Motion for Summary Judgment (doc. 41)*

On September 24, 2007, plaintiff filed a motion for summary judgment which states in its entirety, "[c]omes now where the plaintiff is requesting for this court to render a summary judgment in the above styled case."

Plaintiff's motion and lack of supporting documents are so improper and inadequate that it does not even merit a response from the defendant who did not respond. Due to the complete inadequacy of plaintiff's motion for summary judgment it is the RECOMMENDATION of the undersigned that the motion be **DENIED**.

### 2. *Plaintiff's Motion for Summary Judgment (doc. 47)*

In this motion, plaintiff submits a three-page brief in support of his motion for summary judgment. However, plaintiff does not allege any specific facts, other than a reference to what

was contained in his original complaint, that would show he is entitled to summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of

law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Plaintiff has failed to show on the face of his motion how he is entitled to summary judgment. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

3. *Plaintiff's Motion for Default (doc. 54)*

Plaintiff moves the court to enter default against the defendant in this case for his failure to respond to plaintiff's motion to prosecute/right to a speedy trial (doc. 51) within 20 days as specified in the motion.

First of all, plaintiff does not get to set time constraints on the opposing party. That is something either encompassed within the Federal Rules of Civil Procedure, Local Rules, or set specifically by a judge. None of those set a time limit of 20 days to respond to a motion to prosecute.

Secondly, the undersigned has interpreted plaintiff's motion to prosecute/right to a speedy trial as a demand for trial, to which no response by defendant is required.

It is therefore the RECOMMENDATION of the undersigned that plaintiff's motion for default be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of May, 2008.

                                                   //S Richard L. Hodge
                                                   RICHARD L. HODGE
                                                   UNITED STATES MAGISTRATE JUDGE

msd